UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ OCT 0 6 2010 ★
BROOKLYN OFFICE

-----------------------------------------------------------------X

EDGAR MATOS,

           -against-

THE CITY OF NEW YORK,
NYPD DETECTIVE ADAM HEEGE
US MARSHAL SERVICE, DEPUTY US MARSHAL
DENNIS TAIT;
           Defendants.

10 4558

GERSHON, J

CARTER, M.J.

-----------------------------------------------------------------X

## COMPLAINT

Guy Oksenhendler, Esq.
Law Office of Guy Oksenhendler
Attorney for Plaintiff
Edgar Matos
27 Union Square West, Ste. 503
New York, New York 10003
212.213.4666

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EDGAR MATOS,

                                                                          COMPLAINT

      -against-

THE CITY OF NEW YORK,                             JURY TRIAL DEMANDED
NYPD DETECTIVE ADAM HEEGE
US MARSHAL SERVICE, DEPUTY US MARSHAL
DENNIS TAIT;
                 Defendants.

------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. The case arises from aN November 8, 2007 incident in which members of the New York City Police Department ("NYPD") and the United States Marshal Service subjected plaintiff to false arrest, an illegal search, and fabricated evidence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Venue is proper here pursuant to 28 U.S.C. § 1391(b) and (c) because

Edgar Matos City of New York and the United States Marshal Service is subject to personal jurisdiction in the Eastern District of New York. Moreover, a substantial portion of the events alleged occurred in this judicial district.

## PARTIES

4. Plaintiff is a resident of the State of New York, Kings County.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Detective Heege is a member of the NYPD who violated plaintiff's rights as described herein. Heege is sued in his individual and official capacity.

7. The United States Marshal Service is a United States federal law enforcement agency within the United States Department of Justice. See USC § 561.

8. Deputy US Marshal Tait is a member of the US Marshal Service who violated plaintiff's rights as described herein. Tait is sued in his individual and official capacity.

## STATEMENT OF FACTS

9. Edgar Matos was prosecuted in the Eastern District of New York on Indictment Number 07-CR-870 (NGG) before the Honorable Nicolas G. Garaufis and charged with a federal narcotics offense. After lengthy pre-trial hearings at which Heege, Tait, Edgar Matos and others testified, Judge Garaufis found there was no probable cause to arrest Edgar Matos and that Heege and Tait had possibly perjured themselves and suppressed all of the evidence seized pursuant to Edgar Matos' illegal arrest. The indictment was dismissed.

10. Edgar Matos was arrested by Heege and Tait on November 8, 2007 at approximately 5:10 p.m. after he left his apartment at 1557 81st Street, Brooklyn, New York. When he exited his apartment, after allowing the door to close, Edgar Matos was holding his cellular telephone with his right hand and speaking with his cousin Anthony Matos, and holding a paper shopping bag in his left hand. The shopping bag contained clothes belonging to Anthony Matos; his cousin whom was a wanted fugitive. As he exited his residence and walked toward the end of his driveway, a jeep pulled up and the Task Force agents jumped out of the car, while the other agents approached him from either side. The Task Force agents approached the Edgar Matos with their guns drawn and warned him "Don't fucking move. You move I'll blow your fucking head off." Edgar Matos testified that he did not move and put his hands up. Heege and Tait claimed Edgar Matos threw bags of cocaine to the ground.

11. Edgar Matos denied that he reached to his waist and threw ziplock bags of narcotics on the ground. However he stated on his cellular phone that he told his cousin Anthony Matos that "they are rolling up on me" as the Task Force agents approached him near his driveway. Nor did he observe any Task Force member pick up anything from the ground at the time and location where he was handcuffed outside his apartment.

12. While the Edgar Matos was handcuffed outside of his apartment, one Task Force member removed his keys from his left jean pocket, without his consent, which were used to open his locked apartment door, and seized his phone and the paper shopping bag. Edgar Matos testified that he did not ask to be taken inside his apartment and off the street and did not give the Task Force agents permission to enter his apartment.

13. After several of the Task Force members entered his apartment with their guns drawn, the Edgar Matos was brought back into the apartment where he observed the Task Force agents searching around the apartment. Edgar Matos's protestations as to the warrantless search were ignored and verbally rebuffed. Allegedly, while one Task Force agent told the Edgar Matos, "[He] could do whatever he want. We are looking for your cousin.", and another one told the Edgar Matos to "shut up and mind his business."

14. While sitting handcuffed in the living room inside the apartment, Edgar Matos was able to overhear the Task Force agents talking about the fact that their search of the apartment was initially unfruitful. At this time, the Task Force agents repeatedly questioned the Edgar Matos about the whereabouts of his cousin, asking Edgar Matos to call his cousin Anthony Matos and set him up to get arrested. Edgar Matos was also threatened that "its [the Edgar Matos's] life or [his] cousin's."

15. Edgar Matos also denied informing the Task Force agents that keys to a locked cabinet were on the television, contrary to Heege and Tait's statements. Edgar Matos claims that one of the agents searched the kitchen, and in a cabinet on the left side drawer of the sink, the agent found the keys in the drawer. He also denied making a statement to the effect that there were drugs in the cabinet.

16. As a result of the aforesaid actions of law enforcement, plaintiff suffered personal and physical injuries, fear, embarrassment, humiliation, loss of liberty for almost two weeks, pain and suffering and emotional distress, and had to expend monies to defend himself in the federal criminal prosecution in the Eastern District of New York.

## FEDERAL CLAIMS AGAINST DETECTIVE HEEGE

17.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-16 as if fully set forth herein.

18.     The conduct of Detective Heege as described herein, amounted to false arrest, an illegal strip search, and fabrication of evidence. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK

19.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-18 as if fully set forth herein.

20.     The City of New York directly caused the constitutional violations suffered by plaintiff.

21.     Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the CCRB, and from the NYPD's own observations, that Detective Heege is an unfit, ill-tempered officer who has the propensity to commit the acts alleged herein.

22.     Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly utilized and retained them. Moreover, the City of New York failed to adequately investigate prior complaints against the officer.

23. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 USC 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## FEDERAL CLAIMS AGAINST DEPUTY MARSHAL TAIT

24. Plaintiff repeats and realleges the allegations contained in paragraphs 1-23 as if fully set forth herein.

25. The conduct of Deputy Marshal Tait as described herein, amounted to false arrest, an illegal strip search, and fabrication of evidence. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## FEDERAL CLAIMS AGAINST THE UNITED STATES MARSHAL SERVICE

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1-25 as if fully set forth herein.

27. The United States Marshal Service directly caused the constitutional violations suffered by plaintiff.

28. Upon information and belief, the United States Marshal Service, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed, and from the Marshal Service's own observations, that Deputy Tait is an unfit, ill-tempered individual who has the propensity to commit the acts alleged herein.

29. Nevertheless, the United States Marshal Service exercised deliberate indifference by failing to take remedial action. The United States Marshal Service failed to properly train,

retrain, supervise, discipline, and monitor the officers and improperly utilized and retained them. Moreover, the United States Marshal Service failed to adequately investigate prior complaints against the officer.

30. The aforesaid conduct by the United States Marshal Service violated plaintiff's rights under 42 USC 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated: October 6, 2010
New York, New York

Law Office of Guy Oksenhendler
27 Union Square West, Ste. 503
New York, New York 10003
212.213.4666

Guy Oksenhendler (GO 6358)